# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONICA STEPEK, | : |
|     Plaintiff, | : |
| | : |
|     vs. | : |
| | : Civil Action No. |
| HANBY'S INC., | : |
|     Defendant. | : **JURY TRIAL DEMANDED** |
| | **:** |

## COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 42 U.S.C. §2000e-5(f)(3) to secure protection of and redress the deprivation of rights secured by:

(a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., and the Civil Rights Act of 1991, Pub. L. 102-166 (hereinafter "Title VII"), as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), providing for relief against racial, religious, national origin and sex discrimination in employment; and

(b) The Age Discrimination in Employment Act ("ADEA"), Title 29 U.S.C. §626(b).

2. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c), in that the acts, unlawful employment practices and violations of plaintiff's civil rights alleged herein were committed within the State of Delaware.

3. All conditions precedent to the institution of this suit have been fulfilled. On August 30, 2005, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed within ninety (90) days of receipt of said notice.

## THE PARTIES

4.   The Plaintiff, Monica Stepek ("Stepek"), is a forty-three (43) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 24 Penn's Greene Drive, West Grove, Pennsylvania 19390.

5.   Defendant, Hanby's, Inc., ("Hanby's") is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business at 917 South Heald Street, Wilmington, Delaware 19810.

6.   At all times relevant hereto, Hanby's was acting through its agents, servants and employees, who were acting within the scope of their authority, course of their employment and under the direct control of Hanby's.

## FACTS COMMON TO ALL CLAIMS

7.   Stepek was employed by Hanby's as an Account Manager from on or about July 2, 1990 until on or about July 2, 2004, the date of her unlawful termination.

8.   At all times relevant hereto, Stepek maintained a satisfactory job performance rating in that capacity.

9.   Without any prior warning or indication, on or about July 2, 2004, Hanby's abruptly terminated Stepek's position of employment, allegedly because of declining sales performance.

10.   At the time of her termination, Stepek was the only female salesperson employed by Hanby's.

11.   Upon information and belief, following Stepek's termination, Hanby's hired a younger, less qualified, less experienced individual to perform her job duties.

12. Upon further information and belief, Jim Bingham, a similarly situated male Account Manager, was afforded warnings and assistance prior to his termination for declining sales performance.

13. Stepek believes and avers that the Hanby's's articulated reason for her termination was pretextual and that her employment was actually terminated because of her age and gender.

## CLAIMS UNDER TITLE VII

14. Stepek hereby incorporates by reference paragraphs 1 through 13 inclusive contained in the foregoing Complaint as though fully set forth herein.

15. The actions of Hanby's, through its agents, servants and employees, in terminating Stepek because of her gender, constituted a violation of Title VII.

16. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Hanby's in violation of Title VII, Stepek sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

17. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Hanby's in violation of Title VII, Stepek suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## CLAIMS UNDER THE ADEA

18. Stepek hereby incorporates by reference paragraphs 1 through 17 inclusive contained in the foregoing Complaint as though fully set forth herein.

19. The actions of the Hanby's, through its agents, servants and employees, in terminating Stepek because of her age, constituted a violation of the ADEA.

20.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Hanby's in violation of the ADEA, Stepek sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

21. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Hanby's in violation of the ADEA, Stepek suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, Stepek requests that this Court enter judgment in her favor and against Hanby's, and order that:

a.  Hanby's offer Stepek a position, with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination;

b.  Hanby's compensate Stepek with an award of front pay, if appropriate;

c.   Hanby's compensate Stepek for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

d.  Hanby's pay Stepek punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

e.  Hanby's pay to Stepek pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    f.  The Court award such other relief as is deemed just and proper.

                              _s/ Joseph M. Bernstein_____

                              JOSEPH M. BERNSTEIN (#780)

                              800 N. King Street - Suite 302

                              Wilmington, DE 19801

                              302-656-9850

                              302-656-9836 (Fax)

                              E-mail: jmbern001@comcast.net

                              Attorney for Plaintiff

Of Counsel:

Sidney L. Gold, Esquire
Traci M. Greenberg, Esquire
Sidney L. Gold & Associates
1835 Market Street - Suite 515
Philadelphia, PA 19103
215-569-1999

Dated: November 21, 2005_____