**ARCHER & GREINER**
**A Professional Corporation**
**1300 N. Market Street**
**Suite 700**
**Wilmington, Delaware 19801**
**(302) 777-4350**
**Attorneys for Defendant, Hanby's Inc**

By:    PETER L. FRATTARELLI, ESQUIRE (#2871)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONICA STEPEK, | |
| Plaintiff, | Civil Action No.: 05-807 |
| v. | |
| HANBY'S INC., | **DEFENDANT'S ANSWER TO PLAINTIFF, MONICA STEPEK'S, COMPLAINT** |
| Defendant. | |

Defendant, Hanby's Inc. ("Hanby's"), through undersigned counsel, submits the following answer and affirmative defenses to plaintiff's Complaint in a timely manner pursuant to the Federal Rules of Civil Procedure.

### JURISDICTION AND VENUE

1.    The allegations of this paragraph call for legal conclusions to which no response is required.

2.    The allegations of this paragraph call for legal conclusions to which no response is required.

3.    Hanby's admits, upon information and belief, that plaintiff filed a complaint with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue.

Hanby's is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, leave plaintiff to her proofs.

## THE PARTIES

4.    Hanby's is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore, leave plaintiff to her proofs.

5.    Admitted.

6.    The allegations of this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Hanby's denies the allegations contained in this paragraph.

## FACTS COMMON TO ALL CLAIMS

7.    Denied as stated.  By way of further response, Plaintiff was originally hired by Hanby's in July of 1990 as a Salesperson.  Plaintiff voluntarily resigned and left the Company in January of 1993.  Shortly thereafter, plaintiff sought reemployment with Hanby's, and was rehired into the same position in June of 1993.  Plaintiff's employment was terminated effective July 2, 2004.  Hanby's denies that it unlawfully terminated plaintiff.

8.    Denied.

9.    It is admitted only that plaintiff was terminated on July 2, 2004.  The remaining allegations of this paragraph are denied.

10.    Admitted.

11.    Denied.

12.    Admitted in part; denied in part.  Admitted that Jim Bingham, a Salesperson working for Hanby's, was terminated following a period of declining sales performance and following Hanby's efforts at counseling and assistance that employee in an effort to improve his sales performance.  The remaining allegations of this paragraph are denied, and it is specifically

denied that Plaintiff was not offered the same counseling and assistance as Mr. Bingham prior to her termination of employment.

13.     It is admitted only that plaintiff so avers; however, the remaining allegations in this paragraph are denied.

## CLAIMS UNDER TITLE VII

14.     Hanby's incorporates by reference its responses to Paragraphs 1 through 13, above, as if the same were set forth herein at length.

15.     Denied.

16.     Denied.

17.     Denied.

**WHEREFORE**, Hanby's requests dismissal of the plaintiff's Complaint, with prejudice, together with attorneys' fees and costs of suit, and such further relief as this Court deems just and equitable.

## CLAIMS UNDER ADEA

18.     Hanby's incorporates by reference its responses to Paragraphs 1 through 17, above, as if the same were set forth herein at length.

19.     Denied.

20.     Denied.

21.     Denied.

**WHEREFORE**, Hanby's requests dismissal of the plaintiff's Complaint, with prejudice, together with attorneys' fees and costs of suit, and such further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are vague and subjective and, thus, are unconstitutional under the provisions of the Delaware and the United States Constitution. Further, and alternatively, plaintiff's Complaint fails to state facts upon which such damages may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred based on the equitable doctrines of estoppel, waiver, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Hanby's relied exclusively on legitimate, non-discriminatory business reasons for terminating Plaintiff's employment.

### SIXTH AFFIRMATIVE DEFENSE

The damages requested by Plaintiff herein are not recoverable, in whole or in part, as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Hanby's Answer with Affirmative Defenses is based upon currently available information.  Hanby's explicitly reserves the right to supplement its Answer and/or Affirmative Defenses during the course of this litigation.

4

**WHEREFORE**, Defendant Hanby's demands dismissal of plaintiff's Complaint with prejudice, together with attorney's fees, costs of suit, and such other relief as the Court deems just and equitable.

ARCHER & GREINER,
A Professional Corporation
Attorneys for Defendant,
Hanby's, Inc.

BY: _Peter L. Frattarelli_
PETER L. FRATTARELLI

DATE:  December 19, 2005
2057402v1

5