IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONICA STEPEK, | : |
|     *Plaintiff,* | : |
| | : |
| vs. | : Civil Action No. 05-807 SLR |
| | : |
| HANBY'S INC., | : |
|     *Defendant.* | : |

### JOINT DISCOVERY PLAN AND SCHEDULING ORDER

The parties hereto agree and submit the following Joint Discovery Plan as required by L. Civ. R. 26.1(b), and pursuant to the Court's February 8, 2006 Order for Scheduling Conference:

**I. Brief Statement of Facts.**

**Plaintiff:** The Plaintiff was employed by the Defendant as an Account Manager from on or about July 2, 1990 until on or about July 2, 2004, the date of her unlawful termination. At all times relevant hereto, the Plaintiff maintained a satisfactory job performance rating in that capacity. Without any prior warning or indication, on or about July 2, 2004, the Defendant abruptly terminated the Plaintiff's position of employment, allegedly because of declining sales performance. At the time of her termination, Stepek was the only female salesperson employed by the Defendant.

Upon information and belief, following the Plaintiff's termination, Defendant hired a younger, less qualified, less experienced individual to perform her job duties. Upon further information and belief, Jim Bingham, a similarly situated male Account Manager, was afforded warnings and assistance prior to his termination for declining sales performance. The Plaintiff believes and avers that the Defendant's articulated reason for her termination was pretextual and that her employment was actually terminated because of her age and/or gender.

**Defendant:** This matter arises out of the termination of Plaintiff's employment from the Defendant Company, Hanby's, Inc. Plaintiff was originally hired by Hanby's in July of 1990 as a Salesperson. She worked for Hanby's for approximately three years, until January 1993, at which time she tendered her resignation to work for a competitor. Shortly thereafter, apparently because her new job was not working out, in June of 1993, Complainant returned to work for

Hanby's in the same position, after Hanby's readily accepted her back. Plaintiff remained employed with Hanby's until July 2, 2004.

Defendant denies the claims brought by Plaintiff that she was discriminated against because of her gender and/or age. Rather, Defendant asserts that it had a legitimate, non-discriminatory reason to terminate Plaintiff's employment, ie., her continued decline in sales over the prior four years where she regularly performed below budgeted level and her inability to bring in new business.

**II. Pre-Discovery Disclosures:** The parties will exchange by March 14, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

**III. Discovery:** Discovery will be needed on the following subjects: Including but not limited to, Plaintiff's employment with Defendant and termination there from; Plaintiff's damages; and any facts related to Plaintiff's claim of discrimination, as well as any facts related to Defendant's defenses.

(1) All discovery shall be commenced in time to be completed by **August 8, 2006.**

(2) Maximum of **25** interrogatories by each party to any other party.

(3) Maximum of **15** requests for admission by each party to any other party.

(4) Maximum of **10** depositions by plaintiff and **5** by defendant.

(5) Each deposition limited to a maximum of **7** hours unless extended by agreement of parties.

(6) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **June 8, 2006**. Rebuttal expert reports due by **July 7, 2006**.

**IV. Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

**V. Joinder of other Parties, Amendment of Pleadings, and Class Certification:** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before **May 8, 2006.**

**VI. Settlement Conference:** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

**VII. Summary Judgment Motions:** All summary judgment motions shall be served and filed with an opening brief on or before **September 15, 2006.** Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motions may be filed more than ten (10) days from the above date without leave of the court.

**VIII. Applications by Motion:** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.

**IX. Motions in Limine:** All motions in limine shall be filed on or before **Janauary 3, 2007**. All responses to said motions shall be filed on or before **January 10, 2007**.

**X. Pretrial Conference:** A pretrial conference will be held on **January 17, 2007, at 4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

**XI. Trial:** This matter is scheduled for a 2-3 day jury trial commencing in the week beginning **January 29, 2007** in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Sue L. Robinson, District Judge